**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LONNIE OLIVER, JR., #06099-078, § | |
|     Defendant-Movant, § | |
| § | |
| v. § | No.  3:96-CR-0203-D(01) |
| §(No.  3:04-CV-2657-D) | |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff-Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case:  This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    Parties: Lonnie Oliver, Jr. ("Oliver" or "Movant") is a federal prisoner currently confined at CCM Dallas in Dallas, Texas.  Respondent is the United States of America.

    Statement of the Case: Oliver plead guilty to a violation of 18 U.S.C. § 513(a), possession of forged securities, on August 16, 1996.  On November 1, 1996, he was sentenced to twenty-four months in the penitentiary, three years of supervised release, and restitution in the amount of $1,600. His conviction was affirmed by the Fifth Circuit on October 10, 1997. *United States v. Oliver*, 129 F.3d 609 (5th Cir.  1997)(unpublished table opinion).

    Movant filed the instant habeas petition on December 7, 2004.  Process has not been issued in this case.

1

<u>Findings and Conclusions</u>: This motion, filed on December 7, 2004, seeks to attack a sentence imposed on November 4, 1996.  A federal court may consider a writ of habeas corpus only on behalf of "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A movant satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2255.  A movant is not "in custody" for a particular conviction "where the sentence imposed for that conviction has fully expired."*United States v.  Esogbue*, 357 F.3d 532, 534 (5th Cir.  2004), citing *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923 (1989).

A review of the docket sheet in cause number 3:96-CR-0203-D(01) reflects that Oliver's term of supervised release following his term of imprisonment was never revoked or modified.  Therefore, his sentence appears to have expired no later than November 4, 2001 - more than three years before he filed the present §2255 motion.

In an effort to give Oliver an opportunity to demonstrate that all of the terms of the sentence imposed on November 4, 1996 had not been completed in full, the magistrate judge issued a questionnaire to him at his last address appearing in the court's records on January 27, 2005.  As of the date of this recommendation, Oliver has not filed his answers to the questionnaire.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion be dismissed for lack of jurisdiction or in the alternative that the motion be dismissed for want of prosecution pursuant to Fed. R. Crim. P. 41(b).

A copy of this recommendation shall be transmitted to Movant at the address shown on the court's docket.

**SIGNED** this 15th day of June, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.