**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:96-CR-203-D** |
| | ) | **(3:04-CV-2657-D)** |
| **LONNIE OLIVER, JR.,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court filed on April 8, 2008, Defendant's motion pursuant to Fed. R. Civ. P. 60(b), filed on April 4, 2008, has been referred to the United States Magistrate Judge for recommendation. On April 23, 2008, Defendant filed a motion seeking an extension of time to file a supplement to his Rule 60(b) motion. He does not explain why a supplement is needed. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On June 15, 2005, the magistrate judge filed findings and conclusions recommending that Defendant's motion to vacate sentence under 28 U.S.C. § 2255 be dismissed for lack of jurisdiction for failure to satisfy the in custody requirement or, in the alternative, that it be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b), for failure to answer the magistrate judge's questionnaire. Within nine days, the envelope containing the findings and recommendation was returned to the court with the notation "refused." On June 30, 2005, the district court accepted the recommendation and entered judgment dismissing the § 2255 motion for lack of jurisdiction. Again the envelope containing the order and judgment was returned to the court with the notation "refused."

In the present motion, Defendant requests an order vacating the judgment dismissing his § 2255 motion because "he was not given notice of said decision in time for him to file a timely notice of appeal . . . ." (Rule 60(b) Mot. at 1). He explains he "never received the judge's order due to no fault of his own." (*Id.* at 2). Relying on *Fidelity and Deposit Co. v. U.S.A. Form Hail Pool, Inc.*, 523 F.2d 744, 751 (5th Cir. 1975), he demands the re-entry of the judgment, so that he can "file a timely notice of appeal from the re-entered decision/order which restarted the clock for filing the notice of appeal." (Rule 60(b) Mot. at 1).[1]

For purposes of this recommendation, the court assumes *arguendo* that the findings, order of acceptance and judgment were refused through no fault of Defendant. Even under this liberal construction, the motion lacks an arguable basis and should be denied. Courts lack the discretion under Fed. R. Civ. P. 60(b) to grant relief from the strict Fed. R. App. P. 4(a) time limits for filing a notice of appeal on the grounds that the movant failed to receive notice of entry of the underlying judgment. Rule 77(d), of the Federal Rules of Civil Procedure, specifically provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve -- or authorize the court to relieve -- a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)."[2]

The Fifth Circuit has long recognized such a rule. *See Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1203-05 (5th Cir. 1993) (citing *Wilson v. Atwood Group*, 725 F.2d 255 (5th Cir. 1984)) (refusing to grant Rule 60(b) relief to a party who had failed to receive notice of the entry of a judgment in time to file an appeal). In *Latham*, the Fifth Circuit reiterated that "[t]he clear

---

[1] The Rule 60(b) motion was filed and docketed in Defendant's criminal case. When the motion to vacate was initially filed in 2004, it was standard procedure for the clerk to open a skeletal civil case for statistical purposes, and to docket all pleadings in the criminal case.

[2] The language of Rule 77 was amended effective December 1, 2007, as part of the general restyling of the Civil Rules.

purpose of *Wilson* was to cease the practice of "extending the time for appeal by vacating and re-entering judgments in order to accommodate a party that has not received actual notice of the entry of judgment." 987 F.2d at 1204.[3] *Fidelity and Deposit Co,* 523 F.2d at 751, the case on which Defendant relies, pre-dated the enactment of Rule 4(a)(6) in 1991. As such it is no longer controlling precedent. For this reason, the Court is not authorized to vacate its prior order under Rule 60(b) and reenter it so that Defendant may file a timely appeal.

Liberally construing the Rule 60(b) motion to seek relief under Rules 4(a)(5) and (a)(6), Federal Rules of Appellate Procedure, Petitioner is not entitled to relief. Rule 4(a)(5) is inapplicable to Petitioner. More than thirty days have passed since the expiration of the time to file an appeal.[4] Rule 4(a)(6) is likewise inapplicable because Petitioner refused to accept delivery of the findings, order of acceptance and judgment. *See, supra*. Even if Petitioner did not refuse the judgment, he cannot make the requisite showing under Rule 4(a)(6), which provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

Petitioner's motion is silent as to the three conditions set out above.

---

[3] The only possible exception recognized by the Fifth Circuit is when a party is misinformed by the clerk about entry of the judgment, which is not at issue in this case. *See Tubbs v. Campbell*, 731 F.2d 1214 (5th Cir. 1984).

[4] Rule 4(a)(5) provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than thirty days after the expiration of the time prescribed by this Rule 4(a)."

3

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant's Rule 60(b) motion be DENIED, and that his motion for extension of time to file a supplement to the Rule 60(b) motion be DENIED as moot.

Signed this 2nd day of May, 2008.

                                                                                              WM. F. SANDERSON, JR.
                                                                                              UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.